IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA NORFLEET, | ) | CASE NO. 1:12CV763 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

  This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b).  Plaintiff Vanessa Norfleet ("Plaintiff") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for disability benefits.  Doc. 1.  Plaintiff is proceeding pro se in this matter.  For the reasons set forth below, the undersigned recommends that this case be dismissed without prejudice for want of prosecution because Plaintiff has failed to file her Brief on the Merits within the time set by the Court.

  If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b).  *Link v. Wasbash R. Co*., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  This measure is available to the district courts "as a tool to effect management of its docket and [to] avoid[ ] unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*., 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that she file a brief.  *See, e.g., Dynes v. Army Air Force Exchange Service*, 720 F.2d 1495 (11th Cir. 1983).  Ordinarily, some notice of the Court's

1

intention to dismiss for failure to prosecute is required, *see Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir. 1972) (per curiam).

The facts of this case indicate a clear failure to prosecute. Plaintiff filed her complaint on March 28, 2012. Doc. 1. On April 17, 2012, the Court issued an Order setting forth the briefing schedule for this case. Doc. 7. The relevant sections of this Order provide:

> 3. Plaintiff's brief shall be filed within **sixty (60)** days from the date of the filing of the answer and transcript. That brief shall be no more than a total of twenty pages in length, shall be captioned as "**Plaintiff's Brief On The Merits**," and shall conclude with a statement of the relief sought. **No extension beyond that date will be granted other than on motion demonstrating good cause.** While a 60-day period for filing is allowed, this Court expects that such submission will be filed at the earliest possible date.
>
> 4. In the event Plaintiff's Brief on the Merits is not filed within sixty (60) days after the answer, the case may be subject to dismissal for want of prosecution without further notice.

Doc. 7, p. 2. The Commissioner filed his answer and the transcript on June 18, 2012. Docs. 12 and 13. Plaintiff therefore had until August 17, 2012, to file her Brief on the Merits. Plaintiff did not file her Brief on the Merits by August 17, 2012. *See* Docket.

On August 29, 2012, the undersigned Magistrate Judge issued a Show Cause Order to Plaintiff, ordering her to file her Brief on the Merits by September 19, 2012, or show cause in writing as to why the undersigned should not recommend that the above captioned matter be dismissed without prejudice for want of prosecution. To date, Plaintiff still has not filed her Brief on the Merits, has not filed a motion for an extension of time to file her brief, and has not offered any reason for her failure to file her brief. *See* Docket. The Court warned Plaintiff in its initial order that failure to timely file her brief could result in dismissal of the case. Plaintiff's failure to file her Brief on the Merits and her failure to comply with the Show Cause Order are

sufficient justification for a dismissal for want of prosecution.

For the foregoing reasons, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).


Dated: September 20, 2012

Kathleen B. Burke
United States Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).